Statement of Facts.


# FIDELITY ETC. DEPOSIT CO. v. B. F. DIETZ.

APPEAL BY GERMAN ETC. TRUST CO. FROM THE COURT OF
COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 8, 1890—Decided January 20, 1890.

1. Though a life-tenant of real estate, subject to a mortgage of the fee,
simple suffers the interest to remain unpaid, whereupon the mortgage
is foreclosed, there is nothing in his default which will prevent him
from becoming a purchaser of the fee at a sale upon the mortgage
judgment, or will affect the title of his own mortgagee.
2. The mortgage merged in the judgment upon which the premises were
sold, and the life-tenant, notwithstanding his default, had a right to
purchase at the mortgage sale, and to hold the premises for such estate
as they were sold, "discharged from all equity and benefit of redemp-
tion:" Section 6, act of 1705, 1 Sm. L. 59.


Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 306 January Term 1889, Sup. Ct.; court below, No. 641
June Term 1888, C. P. No. 3.

On August 27, 1888, the Fidelity Insurance, Trust and Safe
Deposit Company, executor and trustee under the will of C. R.
Bicking, deceased, issued a scire facias upon a mortgage exe-
cuted by Bernhardt F. Dietz, in the sum of $2,000, real debt,
and dated January 23, 1885, the writ giving notice to the Ger-
man-American Title and Trust Company, terre-tenant. On
October 6, 1888, the terre-tenant filed an affidavit of defence
averring :

"B. F. Fisher, being duly sworn, says that he is the trust
officer of the German-American Title and Trust Company,
which company is the duly appointed guardian of Rosa and
George Dietz, minor children of Jacobina Dietz and Bernhardt
F. Dietz, deceased; that the said Jacobina Dietz died January
28, 1882, leaving to survive her the said Bernhardt F. Dietz,
her husband, and the said Rosa and George Dietz, children,
and at the time of her death was seised in fee in her own right,
inter alia, of the premises described in the foregoing scire facias,
by deed bearing date July 18, 1877, recorded. . . . . That said

property was subject to a certain mortgage debt of the sum of
$2,000; that the said Bernhardt F. Dietz being the life-tenant
and receiving the rents, issues and profits of said premises, or
occupying the same, wilfully neglected to pay the interest upon
the said $2,000 mortgage, and suffered the said mortgage to be
foreclosed and the premises to be sold by the sheriff; at which
sale the said Bernhardt F. Dietz became the purchaser, and
thereupon borrowed the sum of $2,000 from the above plaintiff,
and, to secure the repayment of the same, executed and deliv-
ered to the plaintiff the mortgage upon which this present suit
is based.

"It is respectfully submitted, that the said Bernhardt F. Dietz,
being the life-tenant, occupying or receiving the rents, issues
and profits of the premises in question, committed a fraud
upon the remaindermen in not paying the interest upon the
mortgage upon the premises, and in allowing the said premises
to be sold; and that the deed which he received as purchaser
at such sheriff's sale did not enlarge his interest in the property
beyond that of life-tenant, and that the mortgage which he
gave, upon which the present suit is based, bound only his in-
terest, which ended when he died.    Wherefore, it is suggested,
the plaintiff is not entitled to judgment and execution upon
his said suit."

On January 12, 1889, a rule for judgment for want of a suf-
ficient affidavit of defence was made absolute, FINLETTER, P.
J., filing an opinion, which after quoting the affidavit of de-
fence, proceeded:

The fraud averred is an inference from not paying the in-
terest, and allowing the property to be sold.    It is not alleged
that the mortgage was sued out because the interest was not
paid; or, that he had the means to pay the interest and prevent
the sale; or, that he acted with the fraudulent intent to become
the owner at the expense of the defendants.    What he did, or
failed to do, was not per se fraudulent.    It is certainly the duty
of a life-tenant to pay the charges upon the estate, and in de-
fault, if injury arises, he may be responsible in damages.    He
is, however, under no obligation to prevent a sale upon a mort-
gage.

But no matter how the sale occurs, or who may be the pur-

chaser under a mortgage, the estate of the life-tenant is extinguished. Bernhardt F. Dietz, having purchased the property, had a fee-simple, or he had nothing. The mortgage merged in the judgment upon which the premises were sold. At such a sale there is nothing to prevent a life-tenant or a tenant in common from purchasing, and obtaining a good title. All that the authorities show is, "that a community of interest produces a community of duty," and that a purchase by one, inures to the benefit of all who desire an interest and offer contribution. They, however, take title from him who purchased.

Relations from which dependence and fidelity arise, as in guardian and ward, have a stricter rule. A life-tenant stands in no such relation to the remaindermen. He owes them no duty, and is not charged with any trust. If by his wilful neglect or default the estate is lost, the only redress is an action for damages.

If Bernhardt F. Dietz had a right to purchase, the act of assembly says he "shall and may hold and enjoy the same, with the appurtenances, for such estate as they are sold or delivered, clear and discharged from all equity and benefit of redemption:" § 6, act of 1705, 1 Sm. L. 59. Under this act the judgment is a bar to all inquiry as to antecedent facts, even where the mortgage was given by a married woman, or where the scire facias was not served, and the mortgage money was paid. In Hartman v. Ogborn, 54 Pa. 123, WOODWARD, C. J., says: "Mary Ann Coleman was the mortgagor, and the purchaser had no notice that she was a married woman. As to this record, she is Mary Coleman, still unmarried and sui juris, just as the dead mortgagor in Painter v. Warden was made alive for the purposes of that."

The plaintiff in this case stands in the relation of a purchaser from a purchaser at a sheriff's sale; and as such he may rely upon the record, which shows a sale upon a regular judgment entered upon a mortgage, with nothing to give him notice of any irregularity or fraud on the part of the life-tenant, or any one else. There is no averment in the affidavit that the plaintiff had actual or constructive notice of the facts alleged.

It is not easy to see how Bernhardt F. Dietz's title could have been questioned in his lifetime by reason of the facts set forth by the terre-tenant. If it could have been, the fact is,

Opinion of the Court.

that it was not.    At most it was a voidable title, and was good until a competent tribunal had adjudged otherwise.    Bernhardt F. Dietz paid $2,500 for the property.    A portion of this sum went to the defendants as remaindermen.    Upon his death, the title vested in them, and it came just as it was left by their mother, with the life-tenancy extinguished.    They are benefited by their father's acts by as much as the $2,500 was in excess of the mortgage, interest and costs.    If the father had not bought, the estate would have been lost to them.

The position which the defendants take is, that the acts of their father was a fraud upon them, although no damage has resulted from it; and therefore they should take from the plaintiff $2,000, which he loaned to the father upon the faith of a judicial sale, without notice of the fraud of any kind, or of the facts upon which the allegation of fraud is founded.    The rule is made absolute.

Judgment in favor of the plaintiff having been entered for the sum of $2,275.67, the terre-tenant took this appeal assigning the order making the rule for judgment absolute for error.

*Mr. B. F. Fisher* (with him *Mr. D. H. Stone*), for the appellant.

Counsel cited: Hill v. Roderick, 4 W. & S. 221; Davis v. King, 87 Pa. 263; Duff v. Wilson, 72 Pa. 448; Swisshelm's App., 56 Pa. 475.

*Mr. John Q. Lane*, for the appellee.

Counsel cited: Hartman v. Ogborn, 54 Pa. 120.

PER CURIAM:

There was no error in entering judgment in this case for want of a sufficient affidavit of defence.    If the action of the court below needs any vindication, it will be found in the opinion of its learned president.    On that opinion

The judgment is affirmed.