SIDNEY Z. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22143.    Promulgated January 31, 1930.

*Courtland Kelsey, Esq.*, and *Ernest N. Wood, C. P. A.*, for the petitioner.

*Bruce A. Low, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent in this case has allowed the petitioner a loss by reason of the expiration in 1921 of the option warrants which permitted the holder to purchase stock of the American Power & Light Co. There is no dispute as to the fact that petitioner actually sustained a loss by the expiration of the warrants. The dispute is as to the amount of the loss. Petitioner alleges that the respondent erroneously based the amount of loss on a cost of $5.94 for each warrant, whereas he should have used as a basis the March 1, 1913, value or, in the alternative, a cost of at least $13.

In our opinion the principle laid down in *United States* v. *Flannery*, 268 U. S. 98, and *McCaughn* v. *Ludington*, 268 U. S. 106, is applicable to this case and the basic figure for measuring the amount of the loss is either cost or March 1, 1913, value, whichever is lower. The petitioner argues against the application of the principle here, saying that it only applies to the " sale or other disposition " of property under section 202, whereas this is a case of a loss under section 214, under which section March 1, 1913, value is the basis. Losses are allowed under subdivisions (4), (5), and (6) of section 214(a). Under subdivision (6), " losses arising from destruction of or damage to property " acquired prior to March 1, 1913, are to be determined " upon the basis of its fair market price or value as of March 1, 1913." We think it quite evident that the loss sustained in this case does not arise from " destruction of or damage to " the property. The other loss provisions, subdivisions (4) and (5), do not contain in themselves any basis for determining the amount of loss deductible under them. Under the corresponding provisions of the Revenue Act of 1918 we have held the limitation announced in the *Flannery* and *Ludington* decisions to be applicable to cases analagous to the one in hand. See *William Zakon*, 7 B. T. A. 687; *McAvoy Co.*, 10 B. T. A. 1017; and *Best Brewery Co.*, 16 B. T. A. 1354, involving the loss of liquor licenses as a result of prohibition legislation; *Great Northern Railway*, 8 B. T. A. 225, 270, where capital stock became worthless in the taxable year. While those cases arose under the 1918 Act, the same principle applies under the Act of 1921. *Jackson County State Bank*, 2 B. T. A. 1100.

In view of what we have said it is not necessary to determine whether the expiration of the warrants constituted a " disposition " so as to bring the case within section 202 of the Revenue Act of 1921, but it may not be amiss to set down our opinion of the matter. We think that when petitioner's warrants expired there was a " disposi-

tion " of them within the meaning of the statute. The day before they expired he had property; the day after he had none. In the interim some disposition had been made of them. The application of the statute is not by its terms limited to active or affirmative dispositions of property, but may equally well apply to cases where the disposition results from inaction.

The argument of petitioner that the change in the basis for determining the amount of losses made in the 1924 Act is an implication of an intent to change the 1921 Act, is disposed of in *Samuel S. Bloch*, 16 B. T. A. 425, 430.

The next question is the cost to the petitioner of the warrants. Cost was found by the respondent to be $5.94 each and is claimed by petitioner to be at least $13. On this there is no direct evidence. The only sales of warrants alone of which we have evidence are those made by petitioner himself in 1911 and 1912 in two lots, one at $5 and the other at $6 for each warrant. Petitioner's testimony being that in these instances he did not intend to make a profit, these sales may be taken as some evidence of cost, although we agree with petitioner's argument that it is far from conclusive. Petitioner's claim is that the March 1, 1913, quotations of 13 bid and 15 asked, being the first available after acquisition, should be used as the basis for apportioning cost between the notes and the warrants. With this we can not agree. Much may have happened between the purchase date in 1911 and March 1, 1913, to affect the value of these securities and as to this there is no evidence. In view of the lack of evidence to establish cost we are unable to find that the respondent erred in his determination.

*Decision will be entered for the respondent.*