## Kenworthy's Estate

Before Lamorelle, P. J., Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ., and Marx, P. J., twenty-third judicial district.

154

*John Pemberton Jordan, Harold R. Tawresey* and *R. W. Archbald, Jr.*, for exceptants.

*Joseph L. McAleer*, contra.

HENDERSON, J., June 8, 1934.—Two questions are presented by the exceptions. Frank L. Kenworthy, the defaulting trustee, has misappropriated $84,490.91 from this trust, a sum greater than would now be due him in remainder in this trust for Lida F. Kenworthy.

He has also misappropriated from the trust under this will for Ellen K. Acuff the sum of $69,543.62. When he was removed as trustee, he assigned his interest in remainder in the trust for Lida pro rata to the two trusts, and by an adjudication this assignment was confirmed and awarded accordingly.

The auditing judge has ignored the assignment, because Frank L. could take nothing from the trust because he owed it more than his distributive share; hence the assignment was abortive, and the award of the same carried nothing.

We agree with this ruling of the auditing judge and for the reasons given by him.

Had it not been for the surcharge against Frank L., he would have received as remainderman the sum of $29,046.39, which was awarded to the corpus of the trust for Lida F.

The second question raised by the exceptions relates to the award of this sum solely to corpus, and it is urged that it should be prorated between the loss in corpus and the loss of income. We agree with this contention, and, the auditing judge consenting, this sum will be so awarded.

In Rahm's Estate, 45 Pitts. (O. S. )453, Judge Hawkins said:

"The true principle which underlies all cases of this kind, is that neither the tenant for life nor remainder-man shall gain any advantage over the other— neither is to suffer more damage in proportion to estate or interest than the other suffers—from the default of the obligor: *Cox v. Cox*, L. R. 8 Eq. 343. The principle is in furtherance of testamentary intent. To each is given an estate whose quality and quantity become fixed on testator's death; their estates are entirely consistent, for they claim under the same instrument; and there is just as much reason why the tenant for life should enjoy the benefit of the income as that those in remainder should succeed to the *corpus.* Burthens on the common estate are therefore equitably apportiond between them, and the measure of apportionment lies in the relative values of their estates. Thus loss of part of the *corpus* implies a corresponding loss of income; and it has accordingly been held that the tenant for life is chargeable with the interest on municipal assessments (4 Kans. 74) ; and on encumbrances *(Fidelity Co. v. Dietz*, 132 Pa. 36), on land provided the profits be enough (*Kensington v. Bouverie*, 7 H. L. C. 557) ; and the remainder-man with the *corpus;* and of course loss of *corpus* by *devastavit* stands on the same basis. It is obvious that the same principle is applicable where the equities of the parties are disturbed by loss of income. It may be conceded that losses which are incidental to ordinary administration must be borne by the tenant for life alone, for these are presumptively in testator's contemplation; but where an extraordinary occasion arises which practically suspends administration for the time being, there is no reason why the resultant loss should be borne by the tenant for life rather than those in remainder; on the contrary, if there be a pos-

157

sible alternative presented, discrimination must follow the order of precedence of benefits fixed by testator, and therefore be given the tenant for life: *Leech's Appeal*, 173 Pa. 190. To charge the *cestui que vie* with the whole loss would, it was said in the leading case of *Turner v. Newport*, 2 Ph. Ch. 14, be contrary to the plainest principles of justice."

See also 2 Perry on Trusts (7th ed) sec. 556(*d*); and Lewin on Trusts (12th ed.) 1187.

The apportionment shall be made allowing interest at the rate earned by the corpus.

The adjudication, as modified, is confirmed absolutely; all other exceptions are dismissed.