FORREST G. PEARSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2761. Promulgated October 20, 1944.

*Henry D. Paxson, Jr., Esq.*, for the petitioner.
*Paul E. Treusch, Esq.*, for the respondent.

#### OPINION.

BLACK, *Judge:* The Commissioner has determined a deficiency in petitioner's income tax of $6,170.75 for the year 1940. This deficiency is due to two adjustments made by the Commissioner as follows: (a) Income from fiduciary, $111.35; and (b) interest, $13,616.97. The deficiency notice gives the following explanation of these adjustments:

(a) An examination of the books and records of the trustee of the trust U/W Olive P. C. Pearson discloses that your share of the net income for the year 1940 is $26,649.27. Inasmuch as you have reported only the amount of $26,537.92 from this source, your taxable income has been increased by the difference of $111.35.

(b) The deduction claimed as "interest on deficiency tax" has been disallowed. The evidence submitted discloses that it does not represent interest paid on your obligation.

Petitioner by appropriate assignments of error contested in his petition both of the foregoing adjustments. However, the petitioner now concedes the correctness of respondent's adjustment (a) and contests only adjustment (b).

The facts are all stipulated and we adopt them as our findings of fact.

The petitioner is Forrest G. Pearson, an individual. He resides in Philadelphia, Pennsylvania. The return for the period here involved was filed with the collector of internal revenue in Philadelphia, Pennsylvania.

Olive P. Corning Pearson, wife of petitioner (and hereinafter sometimes referred to as the "decedent"), died on April 3, 1936, leaving a last will and testament.

The executors of decedent's estate, who are also trustees of the trust set up under clause sixth of decedent's will (hereinafter sometimes referred to as the "testamentary trust") are the Germantown Trust Co., Clarence A. Warden, and petitioner (hereinafter sometimes referred to either as the "executors" or as the "trustees," depending upon which of these two capacities are involved). Petitioner was sole life beneficiary of the residue of decedent's estate.

The Germantown Trust Co., Forrest G. Pearson, and Clarence A. Warden, as executors under the will of Olive P. Corning Pearson, transferred to themselves, as trustees under the will of decedent, on the dates and in the amounts set forth below the following assets, which constituted all of the remaining assets of the decedent's estate after payment of prior claims and bequests:

| | | |
|---|---|---|
| Jan. 11, 1938, stocks | $255,374.96 |
| Dec. 13, 1938, cash | 5.00 |
| Feb. 11, 1939, cash | 25.00 |
| Mar. 6, 1939, stock | 16,600.00 |
| bonds | 4,490.62 |
| miscellaneous | 2,225.80 |
| Total | 278,721.38 |

After March 6, 1939, no assets, whether principal or income, were held by the executors.

On June 15, 1940, the executors signed a "Waiver of Restrictions against Immediate Assessment and Collection of Deficiency in Estate Tax," reflecting a deficiency in estate tax of $98,377.81 resulting from

the inclusion in the gross estate of decedent of $120,416.76 representing the value of decedent's reversionary interest in an *inter vivos* trust created by decedent under date of May 28, 1917. This deficiency was subject to an allowance of $22,394.66 for the portion paid to the Commonwealth of Pennsylvania, leaving a net deficiency of $75,983.15. This net deficiency, together with interest of $17,620.40 for the period from July 3, 1937, to July 15, 1940, totaling $93,603.55, was paid by the Germantown Trust Co. as cotrustee under the decedent's will on August 8, 1940.

The Federal estate taxes of the decedent and payment dates may be summarized as follows:

| | | |
|---|---:|---:|
| Tax as reported, Form 706, paid July 2, 1937 | | $249,972.88 |
| Net deficiency, paid Aug. 8, 1940 | $75,983.15 | |
| Interest on deficiency, paid Aug. 8, 1940 | 17,620.40 | |
| | | 93,603.55 |
| Total | | 343,576.43 |

Of the sum of $17,620.40 paid by the Germantown Trust Co. as a cotrustee under the decedent's will as interest on the deficiency in Federal estate tax of the decedent, the amount of $4,011.13 was refunded on November 18, 1940, leaving a net payment of $13,609.27. The sum of $7.70 was paid on August 6, 1940, to the Commonwealth of Pennsylvania as interest on its deficiency estate tax assessment, making a total net payment of interest by the trustees of $13,616.97.

The net income of the testamentary trust for the taxable year 1940, prior to the payment of interest due on the deficiency Federal and Pennsylvania estate tax assessments against the estate of said decedent, was $26,537.92, plus $111.35 income from other fiduciaries. All of this income was in fact distributed to petitioner, who, however, returned a portion thereof to the trustees in the amount of $13,616.97.

On December 19, 1940, a letter was addressed to petitioner by the Germantown Trust Co., one of the executors and trustees of decedent's estate, containing the following language:

In reference to the complications which have arisen in connection with the distributions of income to you and the payment of Estate and Inheritance Taxes in the above estate, it appears that originally a total of $17,628.10 had been improperly paid to you this year. However, since then we have received $4,011.13 by way of a refund from the Internal Revenue Department of interest thus reducing to $13,616.97 the amount of income improperly paid to you this year. We would, therefore, request that you refund the latter amount.

In response to this letter the petitioner returned to the trustees on December 26, 1940, the amount of $13,616.97.

The petitioner in his income and defense tax return for 1940 included in his gross income the amount of $26,537.92 as income from the testamentary trust and claimed as a deduction (included in item of $14,434.95 interest) the amount of $13,616.97.

Clause sixth of decedent's will reads as follows:

SIXTH: All the rest, residue and remainder of my estate, both real and personal, and including that over which I may have power of appointment, I give, devise and bequeath to the GERMANTOWN TRUST COMPANY, FORREST G. PEARSON and CLARENCE A. WARDEN, In Trust nevertheless, to invest and reinvest, collect and receive the rents, income, issues, and profits, and after deducting all legal costs, charges, taxes, commissions and other expenses incident to the care and management of said trust, to distribute the income therefrom and principal thereof as follows:

(a) Pay to my husband, FORREST G. PEARSON, the entire net income for and during the term of his natural life.

* * * * * * *

The remainder of clause sixth relates to the disposition of the corpus and income of the testamentary trust to decedent's children, as remaindermen, after the death of her husband, Forrest G. Pearson, the details of which are not needed here.

The eighth clause of decedent's will provides as follows:

EIGHTH: I will and direct that all estate tax, inheritance tax, succession tax, transfer tax or any other tax in the nature thereof, which may be chargeable upon my estate or any portion thereof, or upon any bequest, trust, benefaction or any interest in my estate or part thereof, given or provided for by this my Will, shall be paid by my Executors as soon as conveniently may be out of my general estate so that all provisions or benefactions of any kind or nature given or made by this my Will, shall be free and clear of all taxes as aforesaid.

Petitioner in his brief submits the two following propositions:

1. Interest in the amount of $13,616.97 on the estate tax deficiency, paid by the testamentary trustees in the taxable year, after the distribution to them of the assets of decedent's estate, was deductible in computing the net distributable income taxable to petitioner, the life beneficiary; and

2. Petitioner was required to refund to the testamentary trust in the taxable year the sum of $13,616.97 (the amount of the interest), because of over-distributions of income previously made to him by both the executors and the testamentary trustees, and this refund of income is deductible by him in computing his net income for the taxable year.

If petitioner is correct in the foregoing propositions, then it seems clear that the Commissioner was wrong in his determination of the deficiency.

At the outset it seems proper to make clear just what the issue is, as we understand it, that we are called upon to decide.

In his income tax return for the taxable year petitioner claimed a deduction of $14,434.95 as interest paid on indebtedness for the taxable year. Schedule H of petitioner's return shows that included in the above total of $14,434.95 was "int. on deficiency tax $13,616.97." The Commissioner disallowed this $13,616.97 as a deduction, stating in his deficiency notice: "The evidence submitted discloses that it does not represent interest paid on your obligation." Manifestly the Commissioner was correct in stating that the $13,616.97 did not represent

interest which petitioner had paid on his own indebtedness, and if this were all, the decision in the instant case would have to be in favor of the Commissioner.

But that is not all. The petitioner concedes on brief that petitioner erred on his income tax return in treating the $13,616.97 as interest paid. But, while conceding that the $13,616.97 did not represent interest which the petitioner had paid, petitioner does contend that the $13,616.97 did not represent income which was distributable to him under the terms of the testamentary trust, that he was under a legal obligation to return the money to the trustees when they demanded its return, and that he did return it in the taxable year and therefore he is not taxable on it as income received and the deficiency should be expunged to the extent it is based on adding this $13,616.97 to his income. This change in ground on the part of petitioner from that taken in his income tax return is, of course, permissible and respondent makes no contention to the contrary.

So it seems to us that the principal issue which we have to decide is this: Was the $26,537.92 which the petitioner at first received from the testamentary trust in 1940 all properly distributable income to petitioner under the terms of the testamentary trust, or should it be reduced by $13,616.97 which the testamentary trust was compelled to pay as interest during the taxable year on an estate tax deficiency, which amount he refunded to the estate in the taxable year upon demand from it? We think the answer to this issue is to be found in the terms of decedent's will. Manifestly, if petitioner was under no legal obligation to return the $13,616.97 to the testamentary trust, his mere voluntary action in doing so would not relieve him from paying income tax on the amount in question. Petitioner does not contend otherwise.

Clause eighth of decedent's will directed that:

* * * all estate tax, inheritance tax, succession tax, transfer tax or any other tax in the nature thereof, which may be chargeable upon my estate * * * shall be paid by my Executors as soon as conveniently may be out of my general estate * * *.

If the interest of $13,616.97 which the testamentary trust paid on the estate tax deficiency was a part of the tax itself, then clearly the decedent had directed that it be paid out of the corpus of her general estate and the trustees would have no right to charge the income of the trust distributable to the life beneficiary with such payment. But the interest on a tax is not a tax, but is something in addition to the tax. *Capital Building & Loan Association*, 23 B. T. A. 848. In *Penrose* v. *United States*, 18 Fed. Supp. 413, the court said:

At the outset we are confronted with the question whether the payment here involved was in fact interest or whether it was actually a part of the estate tax. It is, however, specifically described as interest in section 308 (h) of the Revenue

Act of 1926 * * *, which is the statutory provision requiring its payment, and while that section does provide that it shall be assessed at the same time as the deficiency in tax and collected as a part of the tax, we agree with the statement of the Board of Tax Appeals in *Capital Building & Loan Ass'n.* v. *Commissioner*, 23 B. T. A. 848, that "the interest on a tax is not a tax, but is something in addition to the tax."

Therefore, it is clear that, for the purpose of the issue which we have here to decide, the interest paid on an estate tax deficiency is not a part of the tax.

Decedent's will, as we have already stated, directed that all estate and inheritance taxes should be paid out of her "general estate." It did not direct as to how interest on any estate or inheritance tax deficiency should be paid.

In *Penrose* v. *United States, supra,* the will of the decedent contained the following provision:

I order and direct my Executors herein named to pay all inheritance taxes on my estate and all legacies, devises, gifts or appointments contained herein out of the principal of my estate, so that all such taxes shall be charged on and paid out of the principal of my residuary estate.

In discussing the foregoing provision in Penrose's will the court in the *Penrose* case, among other things, said:

* * * In our opinion, paragraph thirteenth cannot be construed to refer to interest on delinquent tax payments. Under the law of Pennsylvania, it is well settled that interest on indebtedness of a decedent's estate or on incumbrances on property held by him is payable out of income of the life tenant and not out of principal reserved for the remaindermen. *Neide's Estate*, 22 Pa. Dist. R. 563; *Fidelity, etc., Safe-Deposit Co.* v. *Dietz*, 132 Pa. 36, 18 A. 1090. It must, therefore, be presumed, in the absence of an express direction in the will to pay interest on delinquent taxes out of principal, that the decedent intended the Pennsylvania rule on the subject to be applied in the administration of his estate.

To the same effect we think we must hold in the instant case. The will was silent as to how the executors should pay interest on estate tax and inheritance tax deficiencies. In this sort of situation the Pennsylvania rule is that if the estate has income then the interest must first be paid out of such income and only in case income is insufficient to pay such interest can the principal of the estate be invaded. Therefore, we think that the trustees of the testamentary trust, to whom all of decedent's residuary estate had been transferred prior to the taxable year, were correct in deciding that they must charge the $13,616.97 interest here in question to the income from the trust corpus, and, having erroneously distributed the entire net income of the trust in 1940 to petitioner, they had the right to demand that he return $13,616.97 of the income which they had paid him, to cover the interest on estate tax which they had been compelled to pay. The petitioner, in responding to such demand and returning the $13,616.97 in question to the testamentary trustees in the same year in which it

was received, was fulfilling his legal obligation and not merely making a voluntary return of something which he was not legally obligated to return.

We, therefore, hold that petitioner is not taxable on the $13,616.97 which he returned to the testamentary trustees in the taxable year.

It probably should be pointed out that we do not have before us the testamentary trust as a taxpayer and, therefore, are not deciding what deduction it would be entitled to receive because of interest which it had to pay as a transferee in determining its taxable net income for the year 1940.

Respondent argues that, under the rule which we followed in *Ralph J. Green*, 3 T. C. 74, now on review, C. C. A., 8th Cir., the testamentary trust would be entitled to deduct only that part of the interest which accrued from the date that the residuary estate was turned over to the testamentary trustees by the executors of the estate and would not be entitled to deduct that part of the interest which had accrued prior to the time the estate was turned over to the trustees.

Respondent also argues that petitioner, as the sole income beneficiary of the testamentary trust, would have no greater right to an interest deduction than the testamentary trust. To that contention petitioner answers in effect that he concedes that, if we had the testamentary trust before us as a taxpayer, under this Court's ruling in the *Ralph Green* case, *supra*, the trust would be entitled to deduct as interest only that part of the $13,616.97 which accrued from the date it received the trust corpus. Under this rule, if it applies to the instant case, says petitioner in his brief:

\* \* \* the petitioner would be entitled to exclude from his income the interest in the amount of $11,236.16 for the period from January 11, 1938 (when the bulk of the assets of the estate were transferred by the executors to themselves as testamentary trustees), to July 15, 1940 (the date as of which the estate tax deficiency was paid).

Petitioner contends, however, that the rule of the *Ralph Green* case should not be applied here, for the simple reason that the petitioner has paid no interest as a transferee on an estate tax deficiency, as Ralph J. Green had done in the *Green* case. See also *Koppers Co.*, 3 T. C. 62.

The question here simply is, contends petitioner, How much distributable income did petitioner have in 1940 from the testamentary trust? We think that is the issue and, for reasons we have already stated, we think that the $13,616.97 must be excluded from petitioner's income for the year 1940.

Petitioner, in reporting his income from the testamentary trust in 1940, instead of reporting $26,537.97 and deducting therefrom $13,616.97 as interest, should have reported the one net amount actually so distributable, namely, $12,920.95 (to which must be added the

after discovered item of $111.35, making $13,032.30 in all). Petitioner no longer contends that the $111.35 mentioned in his assignment of error (b) should not be included in his taxable income.

Respondent in his brief quotes the Pennsylvania Apportionment Statute (Purdon's Pa. Stat., Title 20, sec. 844, added by sec. 1 of Act of July 2, 1937) and calls attention to the following provision thereof:

* * * in cases where a trust is created or other provision made whereby any person is given an interest in income or an estate for years or for life, or other temporary interest in any property or fund, the tax on both such temporary interest in any property and on the remainder thereafter shall be charged against and be paid out of the corpus of such property or fund, without apportionment between remainders and temporary estates.

Petitioner submits that the Pennsylvania Apportionment Statute above referred to has no application to the facts of the instant case because petitioner concedes that none of the estate tax deficiency was apportionable to petitioner as the life income beneficiary, because decedent's will directed that all estate taxes be paid out of her general estate. However, as we have already stated, petitioner points out, that, the will being silent as to how interest should be paid, the laws of Pennsylvania apply, as was held by the court in *Penrose* v. *United States, supra*, and that rule is that income must first be used by the trustees before corpus is invaded.

Respondent cites *In re Mellon's Estate*, 347 Pa. 520; 32 Atl. (2d) 749, as being later decided and contra to the rule announced by the court in the *Penrose* case. We have read and considered *In re Mellon's Estate*, but we see no conflict between it and the *Penrose* case. The *Mellon* case simply held that, under the Pennsylvania statute authorizing apportionment of Federal estate taxes, the inclusion of interest on a deficiency assessment of Federal estate tax in a proration decree was not unauthorized in view of the fact that the Federal statute includes interest as part of the tax.

As we have already pointed out, the testamentary trust in the instant case at no time contended that any part of the estate tax or Pennsylvania inheritance tax was to be apportioned to petitioner, the life tenant. On the contrary, the testamentary trustees conceded their liability to pay the estate tax, together with all interest due thereon, and they did pay it, and clearly petitioner is not entitled to any deduction for the tax or the interest paid thereon. He does not so claim. He simply claims that his distributable income from the testamentary trust was diminished by the net amount of the interest which the trust had to pay on the estate tax and inheritance tax deficiencies and that he is taxable on only the net amount of his distributable income from the trust. In this contention we have sustained him. We think no question of apportionment under the Pennsylvania statute is involved.

*Decision will be entered under Rule 50.*