ALVIN J. SPRING AND PEARL K. SPRING, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2269. Promulgated October 30, 1944.

*Caleb C. Curtis, Esq.,* for the petitioners.
*Thomas H. Charshee, Esq.,* for the respondent.

**OPINION.**

ARUNDELL, *Judge*: The question presented is whether petitioner's loss is attributable to the failure to exercise his options within the meaning of section 117 (g) (2) of the Internal Revenue Code,[1] as

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

* * * * * * *

(g) GAINS AND LOSSES FROM SHORT SALES, ETC.—For the purpose of this title—

* * * * * * *

(2) gains or losses attributable to the failure to exercise privileges or options to buy or sell property shall be considered as short-term capital gains or losses.

respondent contends, or is a loss resulting from securities becoming worthless within the meaning of section 23 (g) (2) of the Internal Revenue Code,[2] as petitioner contends. Section 117 (g) (2) provides that losses attributable to the failure to exercise options shall be considered short term capital losses which, for the year 1940, were deductible only to the extent of short term capital gains, of which petitioner had none. Sec. 117 (d), Internal Revenue Code, as amended by sec. 212, Revenue Act of 1939. Section 23 (g) (2) subjects losses resulting from rights to acquire stock becoming worthless to the general provisions governing the sale or exchange of capital assets; in this case the loss would be deductible against ordinary income to the extent of 50 percent. Sec. 117 (b), Internal Revenue Code.

A brief review of the legislative history of the two controverted sections may be helpful in relating them to the problem at hand. In the Revenue Act of 1932 all gains or losses "attributable" to options or from sales or exchanges of options were grouped together and treated as gains or losses from the sale or exchange of noncapital assets. Sec. 23 (s), Revenue Act of 1932. Under the provisions of that act losses from the sale or exchange of noncapital assets were allowable only to the extent of gains from such sales or exchanges. Sec. 23 (r). In 1934 these provisions were completely eliminated and there was introduced a new plan for taxing such gains and losses. Section 117 (e) (2) isolated for special treatment gains or losses "attributable to the failure to exercise privileges or options to buy or sell property"; such were considered as gains or losses from the sale or exchange of capital assets held for one year or less, which losses were allowable only to the extent of $2,000, plus the gains from such sales or exchanges. The same treatment was continued in the 1936 Act.

Meanwhile, losses resulting from securities becoming worthless were allowed as a deduction against ordinary income without regard to the time of holding. Sec. 23 (e), Revenue Acts of 1932, 1934, and 1936. In 1938 Congress could perceive no reason for a distinction between losses from securities becoming worthless and losses from the sale or exchange of securities. House Ways and Means Committee Report, 75th Cong., 3d sess., p. 18; Senate Finance Committee Report,

---

SEC. 23. DEDUCTIONS FROM GROSS INCOME.
*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

(g) CAPITAL LOSSES.—
*　　　　*　　　　*　　　　*　　　　*　　　　*　　　　*

(2) SECURITIES BECOMING WORTHLESS.—If any securities (as defined in paragraph (3) of this subsection) become worthless during the taxable year and are capital assets, the loss resulting therefrom shall, for the purpose of this chapter, be considered as a loss from the sale or exchange, on the last day of such taxable year, of capital assets.

(3) DEFINITION OF SECURITIES.—As used in this subsection the term "securities" means (A) shares of stock in a corporation, and (B) rights to subscribe for or to receive such shares.

75th Cong., 3d sess., p. 13. Accordingly, losses arising from stock and stock rights becoming worthless were combined in section 23 (g) of the Revenue Act of 1938 and subjected to the general treatment of gains and losses from the sale or exchange of capital assets, losses from which were deductible in stated percentages, depending upon the length of holding. At the same time the 1936 provision relating to losses from failure to exercise an option was reenacted, making such losses arbitrarily short term, without regard to the length of holding. The same provisions were continued substantially the same in the Internal Revenue Code.

Thus, stock and stock rights are treated similarly for purposes of losses resulting from worthlessness, and for purposes of loss upon sale or exchange. It is only losses attributable to the failure to exercise options which are arbitrarily short term capital losses. As stated in the Conference Report, 73d Cong., 2d sess., p. 23, "* * * under the amendment it is the gains or losses attributable to the 'failure to exercise' privileges or options to buy or sell property and not all gains or losses attributable to such privileges or options which are to be treated, as a matter of law and without regard to varying circumstances, as gains or losses from sales or exchanges of capital assets held for 1 year or less."

Petitioner contends that his loss is not attributable to the failure to exercise his options within the meaning of section 117 (g), but is properly a loss resulting from worthlessness and is governed by section 23 (g) (2) and (3) of the Internal Revenue Code. We think, however, that this contention does not materially benefit petitioner. Assuming the contention to be correct, it is apparent, we think, that the worthlessness occurred in a year prior to 1940.

The facts disclose that in 1930 petitioner purchased his options on the open market at a cost of $3.50 per option. By the terms of the options petitioner was entitled to purchase one share of the common stock of Burço, Inc., for each option at $15 per share, at any time up to and including January 2, 1940. In the year 1930 Burco stock quotations fell from 10¾ to 4, and over the succeeding 10 years they hovered between 6¼ and ¹⁄₁₆. In 1940 the highest market quotation was ⅛. In the period 1930 to 1936 Burco warrants fell from 4 to ¼ and thereafter disappeared from the market entirely. In 1938 and 1939 petitioner attempted to sell his warrants through brokers, but the warrants proved unmarketable.

Without fixing the exact date of worthlessness, it seems evident that these warrants had no value as of the beginning of 1940. The expiration date was January 2, 1940. For many years prior to that time Burco, Inc., stock was selling on the open market far below petitioner's option price. In 1936 the option disappeared from the market

quotations, and when in 1938 and 1939 petitioner tried to dispose, of his options he found there was no market for them. As of the close of 1939 the value of the options, for all practical purposes, had become extinct. We are, therefore, of the opinion that petitioner has failed to prove an essential fact necessary for a deduction on account of worthlessness, namely, that the options had value at the beginning of the taxable year in which the deduction was sought. *Roosevelt Investment Corporation*, 45 B. T. A. 440. *Sidney Z. Mitchell*, 18 B. T. A. 994; affd., 48 Fed. (2d) 697; certiorari denied, 284 U. S. 646, did not hold to the contrary, as there was, in that case, no dispute as to when the loss was sustained.

We come now to the real question posed by the parties, and that is which of the two sections above set forth is controlling. If, as we have found, all market value and intrinsic worth had disappeared from the options prior to 1940, the only event affecting them in that year was their expiration without being exercised. But a loss "attributable to the failure to exercise" an option is by section 117 (g) (2) made a short term capital loss and thus deductible only to the extent of short term capital gains, of which petitioners had none in the taxable year.

*Decision will be entered for the respondent.*