## Castner's Estate

*Franklin L. Wright*, of *Wright, Mauck & Hawes*, for accountants.

HOLLAND, P. J., April 8, 1947.—The account shows a balance of principal for distribution, $374,845.99, composed of bonds, stocks, balance due on notes, balance of accrued income, of the total value of $369,-510.79, personal property, $1,452, 1941 Oldsmobile coupe, $850, 1937 LaSalle sedan, $150, and cash; a balance of income personalty for distribution, $22,745.-71; and a balance of income realty for distribution, $56.79.

The principal distribution account shows that the legacy of $1,000 for masses has been paid to the Society for the Propagation of the Faith, and that Gloria M. Castner has received the personal property of the inventory value of $1,452, and the Oldsmobile coupe and the 1937 LaSalle sedan specifically bequeathed to her.

The income distribution account shows that Gloria M. Castner has received payments totaling $15,505.

The transfer inheritance tax due the Commonwealth at this time has been paid.

By his will testator provided:

"Item 3. I give and bequeath to my wife, Gloria M. Castner, if she survives me, all my furniture, plate,

silver, jewelry, books, paintings, engravings, automobiles, horses and carriages, clothing and other personal effects, to be hers absolutely. If my wife does not survive me, then and in that case, I give the articles mentioned in this item of my will to my children who may survive me, to be equally divided among them, to be theirs absolutely."

From the memorandum submitted at the audit it appears that testator owned Zavikon Island, a small island in the St. Lawrence River in Canada. There was no means of transit to the mainland except by water, and testator owned boats which were used for that purpose. The boats have been sold for $962.10. The question is submitted in the petition for adjudication whether the boats or the proceeds of the sale thereof pass to Gloria M. Castner, wife of decedent, under the third item of his will as above set forth. Testator owned three automobiles (in Pennsylvania) but no horses or carriages. In Lippincott's Estate, 173 Pa. 368 (1896), Judge Ferguson of the Orphans' Court of Philadelphia County, the auditing judge, stated (p. 369):

"The general principle of interpretation that applies is that, when 'effects' is preceded by and connected with words of narrower import and the bequest is not residuary, it will be confined to species of property ejusdem generis with those previously described: 1 Roper on Legacies, star page 280. See also Rawlings v. Jennings, 13 Ves. 39; Planter's Bank v. Sharp, 6 Howard, 301; Ennis v. Smith, 14 Howard, 400.

"In the latter case the Supreme Court of the United States say with reference to the meaning of the word 'effects' in wills that it is limited by its association to other things of a like kind. It is from the subject-matter of its use that intention of something else is to be implied.

"In view of the collocation of the words 'personal effects' in the will, it is very clear, from the foregoing principles, that the meaning of the words must be confined to articles similar in kind to jewelry and wearing apparel, and cannot embrace household furniture", and, in the opinion for the orphans' court, Ashman, J., at page 273, distinguished Reimer's Estate, 159 Pa. 212 (1893), because in Reimer's Estate an intestacy would have resulted if the words "personal effects" had not been given a broad meaning, and, moreover, there would have been no subject matter for the bequest to operate upon, if the narrower interpretation had been given, inasmuch as all the household goods, pictures, clothing, furniture, etc. had been previously and expressly disposed of.

Upon the foregoing principles it would be difficult to find a category among the articles previously bequeathed by this will in which to include boats. Perhaps the nearest classification would be horses and wagons and automobiles, but only because they are also means of transportation. When one thinks of automobiles or horses and wagons, such property does not suggest boats, and I do not believe the testator intended to include boats in the expression "and other personal effects." I am rather of the opinion that those words were used by him only in relation to the word clothing which immediately preceded them. In League's Estate, 44 D. & C. 286 (1942), it was held that an automobile was not included in a bequest of "household furniture, china, silvermare, etchings, pictures, jewelry, clothing, and like personal effects," although a bequest of "all my personal effects including money and jewelry" were employed in the will then under consideration in Misales Estate, 16 Erie 413 (1934), and the phrase "personal estate" was held to be synonymous with "personal property" and to embrace every specie of property except real estate. I am compelled to and do hold that boats in this instance are not ejusdem generis

with articles enumerated in the will and do not come within the bequest of "other personal effects," and the claim of Gloria M. Castner to the sum of $962.10 is disallowed.

The second question submitted is whether interest paid upon additional United States estate tax should be charged to principal or income.

The will gave the residue in trust for the widow for life with remainder over.

The executors paid United States estate tax on the estate in their hands and upon two items outside the estate, viz., life insurance payable to the widow and real estate falling to her as surviving tenant by the entireties. As the will provided no contrary rule the tax on the "outside" estates was prorated and the tax upon the life estate was charged to the corpus under the Pennsylvania Apportionment Act of July 2, 1937, P. L. 2762, sec. 1, 20 PS §844, and the widow repaid to the executors the portion of the tax prorated to these two "outside" assets.

After an estate tax audit an additional estate tax was paid (except for a trifling amount, all upon the trust estate) with interest of $1,779.57, which interest has been charged against income.

The Act of July 2, 1937, P. L. 2762, sec. 1, provides: "Wherever . . . an executor . . . has paid an estate tax . . . with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, except in a case where a testator otherwise directs . . . shall be equitably prorated among the persons . . . to whom any benefit accrues. Such proration shall be made by the orphans' court in the proportion as near as may be that the value of the property . . . of each such person bears to the total value of the property . . . received by all such persons interested in the estate . . . except . . . that in cases

where a trust is created . . . the tax . . . shall be charged against and be paid out of the corpus . . . without apportionment between remainders and temporary estates."

"Persons interested" is defined to include both those taking through the estate and those taking through any transfer taxable for estate tax.

The Pennsylvania Proration Act refers specifically to the Federal act, and the Federal act provides that interest shall be assessed at the same time as the deficiency and shall be collected as part of the tax. In Mellon Estate, 347 Pa. 520 (1943), the will gave the estate outright to several persons, and the estate tax was paid upon property so passing. After audit by the internal revenue bureau, very large transfers inter vivos (also outright) to several persons were included for tax, and interest was paid upon the deficiency. Apportionment was made of the tax itself among all beneficiaries, and the question arose whether interest upon the deficiency should be likewise apportioned. It was contended that interest was no part of the tax and that the Proration Act dealt with tax only and not interest. The court, however, held that the Pennsylvania Proration Act refers specifically to the Federal act and that the Federal act provides that interest shall be assessed at the same time as the deficiency and shall be collected as part of the tax. This being so and the Pennsylvania Proration Act providing that there shall be no apportionment as between life beneficiaries and remaindermen of a trust estate, I am of the opinion that the sum in question paid as interest on the Federal estate tax must be borne by the corpus of the trust. I am aware that this conclusion is not accepted for income tax purposes by the Tax Court or by the Circuit Court of Appeals for the Third Circuit, both of which hold that neither the Proration Act of 1937 nor the Mellon case alters the preëxisting law that interest

paid on the estate's indebtedness, including interest on a deficiency estate tax, is chargeable to and deductible from the estate's income in determining the amount of net income subject to income tax: Commissioner v. Pearson, 154 F. (2d) 256 (1946), decided March 15, 1946, and affirming 4 T. C. 218.

The residue of principal is awarded to the accountants as testamentary trustees for the uses and purposes of the trust; and the net ascertained balance of income is awarded to Gloria M. Castner. . . .

And now, April 8, 1947, this adjudication is confirmed nisi.