NORDBLOM ASSOCIATES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20425. Promulgated September 8, 1950.

*Lincoln Epworth, Esq.*, for the petitioner.
*Joseph S. Lawless, Jr., Esq.*, for the respondent.

HILL, *Judge:* The first question is whether the loss of $25,000 from the failure to exercise the option is deductible as an ordinary and necessary business expense under section 23 (a) (1) (A) of the Internal Revenue Code, as petitioner contends, or whether the deduction, if any, which may be allowable in respect of such loss is determinable under section 117 (g) (2) of the Code, as respondent contends. Section 117 (g) (2) provides as follows:

(g) GAINS AND LOSSES FROM SHORT SALES, ETC.—For the purpose of this chapter—

\* \* \* \* \* \* \*

(2) gains or losses attributable to the failure to exercise privileges or options to buy or sell property shall be considered as short-term capital gains or losses.

Section 117 (d) (1) provides that "In the case of a corporation, losses from sales or exchanges of capital assets shall be allowed only to the extent of gains from such sales or exchanges." For a discussion of the legislative history of section 117 (g) (2) see *Alvin J. Spring*, 4 T. C. 248; G. C. M. 23677, 1943 C. B. 370.

The terms of the statute are clear. If a corporation taxpayer incurs a loss through the failure to exercise an option, it is to be treated as a short term capital loss and deductible only to the extent of capital gains. In the case at bar petitioner, acting through Nordblom, deposited $25,000 with a New Orleans broker for the purpose of giving to petitioner an option to purchase on or before June 13, 1944, certain stock of Chalmette. The agreement provided that unless the option was exercised by petitioner as purchaser on or before June 13, 1944, the option was to be terminated and the money paid therefor forfeited. Through some impediment not explained in the record Western did not go through with the deal on or before June 13, 1944. So, the option was extended 30 days for a consideration of an additional payment of $5,000, which was made by Potter, one of the other brokers involved. Finally, and before the transaction was consummated, Baskerville, acting on behalf of Western, notified petitioner and the other parties to the deal that Western would not purchase the shares of stock. The option was not exercised and the purchase price thereof was forfeited.

It is certain, so far as the record shows, that petitioner at no time had any authority to act for Western since neither Western's board of directors nor any officer of that corporation acting on behalf of the board ever gave any such power to petitioner. It and not Western was the purchaser of the option, and through its failure to exercise its rights under it the purchase money was forfeited. It is apparent, then, that petitioner comes squarely within the terms of section 117 (g) (2). In accordance with the above we hold that the loss in ques-

tion is a short term capital loss within the meaning of section 117 (g) (2), as respondent contends, and since it is not shown that petitioner had capital gains in the taxable year no part of such loss is deductible.

The petitioner asserts that the amount in question is deductible as an ordinary and necessary business expense under the provisions of section 23 (a) (1) (A). It states that a contrary result would be harsh and not within the intent or purpose of Congress in placing section 117 (g) (2) in the Code. We have reviewed carefully the legislative history of that section and can not find there any indication that Congress did not intend that a brokerage corporation which lost the money paid for an option which it purchased but did not exercise should be exempted from its provisions. See Conference Report No. 1385, 73rd Cong., 2d Sess., page 23, 1939–1 C. B. (Part 2) 627, 633; G. C. M. 23677, *supra; Alvin J. Spring, supra.* If we held in accordance with petitioner's theory, under the circumstances of this case, this Court would be stepping beyond its judicial function into the field of legislation.

It follows that respondent's determination as to this issue is sustained.

The respondent also disallowed as deductions $2,000 of the $9,584.90 which petitioner claimed as traveling and entertainment expenses under section 23 (a) (1), and $125 of the $250 claimed for capital stock tax paid during the year involved. At the hearing counsel for petitioner stated as follows with respect to both of these questions:

MR. EPWORTH: O. K., sir. No further questions at the moment. Your witness. If your Honor please, if I may interrupt, the question of the other expenses, disallowance of the other expenses, are of no real significance in this action so far as I am concerned.

THE COURT: I did not get that.

MR. EPWORTH: There were three elements involved in this thing.

THE COURT: Oh, yes. · Are you conceding some of them?

MR. EPWORTH: I am not conceding that, but I would prefer to cover that in a brief, rather than testimony.

THE COURT: All right.

No argument or evidence, however, was presented as to either issue. We therefore sustain the respondent's determination.

*Decision will be entered for respondent.*